UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

WILLIE MILLER,

                        Plaintiff,

      -against-

P.O. TIMOTHY TERRILLION
And CITY OF NEW YORK,

                      Defendants.
---------------------------------------------------------------X

CV 16 - 0052

**COMPLAINT**

(Jury Trial Demanded of all issues)

VITALIANO, J.
MANN. M.J.

      The Plaintiff WILLIE MILLER, by his attorney GARNETT H. SULLIVAN, ESQ., complaining of the defendant's alleges as follows:

### PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff seeking relief for the defendant's violation and deprivation, under color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law, and is being brought pursuant to 42 U.S.C. sec. 1983.

2.     Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.

### JURISDICTION

3.     Jurisdiction is based upon and conferred to this Court by 42 U.S.C. 1983 and 28 U.S.C. secs. 1331 and 1343(3) and (4). Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. 1367 (a) with respect to any and all State law claims and as against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

**4.**	The plaintiff WILLIE MILLER is a citizen of the United States and was and still is, a resident of the State of New York at all times herein mentioned; and plaintiff is of full age to commence this action.

**5.**	That the defendant P.O. TIMOTHY TERRILLION at all times herein mentioned was and still is a resident of the State of New York who is employed by the defendant CITY OF NEW YORK; he is being sued individually as well as in his official capacity.

**6.**	The defendant CITY OF NEW YORK is a municipal organization organized and existing by virtue of the laws of the State of New York.

## FACTUAL ALLEGATIONS

**7.**	That on or about August 22, 2015 at approximately 8:30 P.M. plaintiff was a passenger in a motor vehicle with three (3) other individuals.

**8.**	As the said vehicle made a left turn at the intersection of Rockaway Beach Blvd. and Beach 86th Drive, the vehicle was stopped by an unmarked police vehicle for a purported traffic violation which in truth never occurred.

**9.**	That a police officer from the unmarked police vehicle demanded the license and registration of the driver of the vehicle in which plaintiff was a passenger.

**10.**	The driver was subsequently told by the police officer that he had an outstanding warrant, but was never arrested, instead the defendant police officer removed plaintiff from the vehicle and hand cuffed and searched him and placed him under arrest.

**11.**	That the plaintiff had not committed any crime prior to his arrest, and the defendant police officer at no time advised plaintiff of the reason for his arrest.

12. That all the occupants of the vehicle were African American males between the ages of 27 to 31; who upon information and belief were subjected to the aforementioned stop, search and seizure due solely to racial profiling.

13. That the plaintiff was held in police custody at various places including the 100th precinct and Queens Central Booking until he was arraigned before a judge at the Queens Criminal Court, and released at approximately 6:00 P.M. om August 23, 2015.

14. The defendant falsely and wickedly charged the plaintiff with the class "B" misdemeanor crime of Criminal Trespass, Third Degree under N.Y. Penal Law sec. 140.10 (e).

15. In particular defendant P.O. TIMOTHY TERRILLION alleged in the sworn complaint that on August 22, 2015 between 8:30 P.M. and 8:40 P.M. he observed the defendant standing in front of a New York City housing authority building located at 85-06 Rockaway Beach Blvd., Queens, New York, and that plaintiff "had previously been warned by receipt of a NYCHA trespass notice on August 17, 2015 that defendant had no permission or authority to enter or remain in said NYC Housing Authority building and the area where defendant was found did not qualify as a residence exception area."

16. Penal Law 140.10 (e) provides that "A person is guilty of criminal trespass in the third degree when he knowingly enters or remains in a building or upon real property where the building is used as a public housing project in violation of conspicuously posted rules or regulations governing entry and use thereof".

17. At the time defendant made this charge against plaintiff, he knew the accusation was false and that the plaintiff had committed no such crime.

18. That the charge against plaintiff was adjourned in contemplation of dismissal on September 11, 2015.

## FIRST CLAIM

19. That the said arrest and imprisonment of the plaintiff was caused by the defendant P.O. TIMOTHY TERRILLION in his capacity as a police officer employed by the defendant

CITY OF NEW YORK without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of such crimes.

**20.** That the defendant, said agents, and employees caused the plaintiff to be imprisoned and detained at various places until such time as he was arraigned and then held incarcerated on bail for a number of days.

**21.** The defendants, their agents, servants and employees acting within the scope of their employment authority, detained and imprisoned the plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known that the matters hereinafter alleged, wrongfully, unlawfully and without a sufficient charge having been made against plaintiff, directed that the plaintiff be searched and placed in confinement at said locations.

**22.** That the plaintiff was wholly innocent of search of the aforesaid criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants, and employees, and was forced to submit to the aforesaid arrest and imprisonment.

**23.** That as a result of the aforesaid accusations made by the defendant, their agents, servants, and employees acting under the scope of their employment and authority, made falsely, publicly, wickedly, and maliciously the plaintiff was compelled to be brought to the criminal court of the City of New York, county of New York.

**24.** That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date and places intended to confine the plaintiff and the plaintiff was conscious of the confinement and the confinement was not otherwise privileged.

**25.** That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants and employees, the plaintiff was wrongfully deprived of his rights, privileges and benefits as provided to him under the constitution of the United States of America and the constitution of the State of New York, was subjected to pain and suffering, great indignities, ridicule, loss if freedom, humiliation, mental distress, was held up to scorn and ridicule, injured in his character and reputation,

was prevented from attending his usual activities, was injured in his reputation in the community, and further the plaintiff was caused to incur monetary expenses.

## SECOND CLAIM

**26.** The plaintiff incorporates by reference each preceding paragraph of this complaint as if set forth at length herein.

**27.** The defendants acting under color of State law, subjected plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. sec. 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:

(a) Plaintiff was deprived of Fourth Amendment constitutional right to be free from unreasonable searches and seizure of his person;

(b) Plaintiff was deprived of his Fourteenth Amendment right to liberty without due process of law;

(c) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the laws.

## THIRD CLAIM

**28.** The plaintiff repeats, and re-alleges each and every allegation contained in this complaint with the same force and effect as if fully set forth at length herein.

**29.** That the defendants, their agents, servants and employees negligently, carelessly and recklessly among other acts or omission:

> (a) Failed to perform their duties as a reasonable prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, arrest and prosecution;

(b) Hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed aggressive properties and a lack of proper temperament;

(c) Failed to exercise care in instructing police officers as to their department, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained, taken into custody, as to the consequences of bringing false criminal charges, as to preparation and submission of false criminal charges;

(d) Failed to adequately train and supervise their employees in regard to the decision to arrest and prosecute citizens;

(e) Failed to establish meaningful procedures for disciplining or re-training officers who have engaged in such misconduct including officers who have been the subject of police misconduct claims.

**30.** That upon information and belief, all the acts by the individual defendant was carried out with the full knowledge, consent and cooperation and under the supervisory authority of defendant CITY OF NEW YORK.

**31.** That upon information and belief the defendant CITY OF NEW YORK by its policy-making agents, servants and employees, authorized acts; and/or failed allowed or encouraged those acts to continue.

**32.** That the conduct of the individual defendant was consistent with long-standing customs, practice, and usages of police officers employed by defendant CITY OF NEW YORK.

**33.** Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervising and policy making officers and officials of the police department and the CITY OF NEW YORK have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices

through their deliberate indifference to or negligent disregard of the effect of said policies, customs practices upon the constitutional rights of persons in the City of New York.

**WHEREFORE**, the plaintiff having been damaged by all of the aforesaid wrongful conduct demands the following relief jointly and severally against the defendants.

      A.     Compensatory damages
      B.     Punitive damages
      C.     Attorney's fees together with costs and interest
      D.     Such other and further relief as to the Court seems just and equitable.

Dated: South Hempstead, New York
         December 23, 2015

**GARNETT H. SULLIVAN, ESQ.**
**Attorney for Plaintiff**
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575